IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN INDUSTRIAL INSULATION, LLC, <br><br> Defendant. | CIVIL NO. 10-00412 JMS-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT AMERICAN INDUSTRIAL INSULATION, LLC |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS'
RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT AMERICAN INDUSTRIAL INSULATION, LLC[1]

Plaintiffs Trustees of the PAMCAH-UA Local 675 Trust Funds filed their Motion for Default Judgment Against Defendant American Industrial Insulation, LLC on May 16, 2012 ("Motion"). Docket No. 22. Defendant American Industrial Insulation, LLC was served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. Docket No. 23. After

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on July 20, 2010. Docket No. 1. The Complaint alleges that Defendant entered into certain collective bargaining agreements agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Compl. ¶¶ 3-6. Contributions were to be paid on or before due dates specified in the collective bargaining agreements. Id. ¶ 4. Under the collective bargaining agreements, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid. Id. ¶ 5. Plaintiffs claim that Defendant failed to make required contributions starting in early 2010. Id. ¶ 10. Plaintiffs also assert that Defendant has refused to allow them to audit Defendant's payroll books and records as required by the collective bargaining agreements. Id. ¶¶ 13-15. Plaintiffs claim they are entitled to unpaid contributions, liquidated damages, interest, auditor's fees, collection costs, and reasonable attorneys' fees. Id. ¶¶ 6-8, 19. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure on November 1, 2010. Docket No. 7-3. Plaintiffs filed an initial motion for default judgment on November 19, 2010. Docket No. 12. That motion was denied without prejudice on January 12, 2011. Docket No. 18. In denying the initial motion for default judgment, the court ordered Defendant to submit its required reports to Plaintiffs. Id. Defendant submitted its reports to Plaintiffs for the months of May through October 2010. Mem. in Supp. of Mot. at 2. In the present Motion, Plaintiffs seek default judgment against Defendant based on unpaid contribution from May through October 2010. Id.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th

Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

>   (1) the possibility of prejudice to the plaintiff;
>
>   (2) the merits of plaintiff's substantive claim;
>
>   (3) the sufficiency of the complaint;
>
>   (4) the sum of money at stake in the action;
>
>   (5) the possibility of a dispute concerning material facts;
>
>   (6) whether the default was due to excusable neglect; and
>
>   (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.

1978)).

**A. Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended. See 29 U.S.C. §§ 1132(e), 1145. Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Burnham v. Superior Court of California, 495 U.S. 604 (1990)). Here, Plaintiffs assert that service was made on Defendant through personal service "in accordance with Rule 4 of the Federal Rules of Civil Procedure" on October 1, 2010. Decl. of Shellie K. Park-Hoapili submitted in support of the Request for Entry of Default ¶ 4. This service is sufficient under 29 U.S.C. § 1132(e)(2).

## B. Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Here, Plaintiffs brought this action against Defendant for unpaid contributions for May through October 2010. See 29 U.S.C. §§ 1132(a), 1145; Compl. ¶¶ 10-15. The terms of the collective bargaining agreements require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. Compl. ¶¶ 3-4, 7; Exs. A and B to Mot. Defendant employed workers covered by the collective bargaining agreements and those workers performed work for

6

Defendant when the collective bargaining agreements were in effect. Compl. ¶¶ 3-4. Defendant failed to make required contributions to Plaintiffs from May through October 2010. Mem. in Supp. of Mot. at 4-5. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $54,855.29, including delinquent contributions, liquidated damages, interest, and attorneys' fees and costs. Mem. in Supp. of Mot. at 2. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to abide by the terms of the collective bargaining agreements. The Court finds that this factor weighs in favor default judgment.

7

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny that it failed to pay the contributions; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs personally served Defendant on October 1, 2010. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on May 16, 2012. Docket No. 22-13. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.

Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

**8. Totality of Eitel Factors**

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiffs' favor and against Defendant.

**C. Damages**

Plaintiffs request the following: (1) $41,190.36 in delinquent contributions for the months of May through October 2010; (2) $4,071.59 in liquidated damages for the months of May through October 2010; (3) $9,041.88 for attorneys' fees; and (4) $551.46 for costs incurred. Mem. in Supp. of Mot. at 12-13. Each category of requested relief is addressed below.

**1. Delinquent Contributions**

Plaintiffs contend that Defendant owes delinquent contributions for the period from May to October 2010 in the

amount of $41,190.36. In support of this contention, Plaintiffs submitted the declaration of Francis Chun, the Trust Administrator for Plaintiffs ("Chun Decl."). According to Mr. Chun, the reports submitted by Defendant reflect $41,190.36 in outstanding contributions for the period of May through October 2010. Chun Decl. ¶ 11. The Court finds Plaintiffs have established damages in the amount of $41,190.36 for delinquent contributions.

### 2. Liquidated Damages

Plaintiffs seek liquidated damages for the period of May through October 2010 in the amount of $4,071.59. This amount is itemized in Mr. Chun's declaration. See Chun Decl. ¶ 11. The collective bargaining agreement and 29 U.S.C. § 1132(g)(2) provide that Plaintiffs are entitled to recover liquidated damages in a sum equal to ten percent of delinquent trust fund contributions. See Ex. A to Mot. at 11-12; 29 U.S.C. § 1132(g)(2). Based on the documentation provided by Plaintiffs, the terms of the collective bargaining agreement, and the applicable statutory provision, the Court finds that Plaintiffs have established liquidated damages in the amount of $4,071.59.

### 3. Attorneys' Fees

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145.

Additionally, the collective bargaining agreement requires Defendant to pay "reasonable attorney's fees of 25% of the total amount of contributions and damages due." Ex. A at 11. Plaintiffs do not seek an award of 25% of the total amount due under the collective bargaining agreement, but instead ask the Court to award the actual amount of attorneys' fees incurred in litigating this action. See Mem. in Supp. of Mot. at 10-12.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted). Here, Plaintiffs request $9,041.88 in attorneys' fees and taxes incurred "to date." Decl. of Shellie K. Park-Hoapili submitted in support of Mot. ("Park-Hoapili Decl.") ¶ 6; Mem. in Supp. of Mot. at 12; Ex. C to Mot.

First, the Court finds that the hours requested are reasonable. The request includes the following hours: 1.60 hours

for work performed by James K. Tam, Esq.; 11.00 hours for work performed by Shellie K. Park-Hoapili, Esq.; and 18.80 hours for work performed by Debra A. Kobashigawa, paralegal. Park-Hoapili Suppl. ¶ 8. After reviewing the time entries, the Court finds that the hours requested are reasonable.

Second, regarding a reasonably hourly rate, all of the work was billed at a rate of $275 per hour. Id. Mr. Tam was admitted to the Hawaii bar in 1974. Id. ¶ 9a. Mr. Tam customarily charges $325 per hour for his work. Id. Ms. Park-Hoapili was admitted to the Hawaii bar in 2003 and has almost seven years of litigation experience in Hawaii. Id. ¶ 9b. Ms. Kobashigawa has almost 12 years of experience as a paralegal. Id. ¶ 9c. Ms. Park-Hoapili and Ms. Kobashigawa are "regularly billed" at $275 per hour on these types of matters. Id. ¶¶ 9b, 9c. Plaintiffs' counsel states that the rate of $275 is "based on work ordinarily performed by licensed attorneys." Id. ¶ 10. Although the requested rate for Ms. Park-Hoapili and Ms. Kobashigawa would not ordinarily be considered reasonable in the normal course given their experience and education levels, the Court finds that the blended rate is reasonable in these circumstances based on similar awards of attorneys' fees in other cases brought by Plaintiffs. See, e.g., Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Blazemasters Fire Protection, LLC, Civil No. 10-00422 DAE-BMK, 2010 WL 5128786 (Nov. 18, 2010),

adopted at 2010 WL 5128782 (Dec. 9, 2010)(awarding attorneys' fees for work by Ms. Park-Hoapili and Ms. Kobashigawa billed at $275 per hour); <u>Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Precision Plumbing, Inc.</u>, Civil No. 09-00230 JMS-BMK, 2009 WL 3365857 (Oct. 19, 2009)(awarding attorneys' fees at a rate of $275 for all work performed including paralegal work); <u>Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Precision Plumbing, Inc.</u>, Civil No. 08-00180 DAE-KSC, 2008 WL 4602075 (Oct. 16, 2008)(awarding attorneys' fees at a rate of $275 for all work performed including paralegal work); <u>Trustees of the PAMCAH-UA Local 675 Trust Funds, et al. v. Universal Air Conditioning and Refrigeration Inc.</u>, Civil No. 08-00037 HG-BMK, 2008 WL 2242542 (May 30, 2008)(awarding attorneys' fees at a rate of $225 for all work performed including paralegal work). The Court finds that Plaintiffs are entitled to $9,041.88 in attorneys' fees and taxes.

**4. Costs**

Based on the Declaration of Ms. Park-Hoapili and the invoices submitted with the Motion, the Court finds that Plaintiffs are entitled to an award for $551.46 in costs reasonably incurred in this action.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Default judgment be entered in Plaintiffs' favor and against Defendant;

(2) Plaintiffs are entitled to damages in the amount of $41,190.36 for delinquent contributions; $4,071.59 for liquidated damages; $9,041.88 for attorneys' fees and taxes; and $551.46 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 15, 2012



_____
Richard L. Puglisi
United States Magistrate Judge

**TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, ET AL. V. AMERICAN INDUSTRIAL INSULATION, LLC, CIVIL NO. 10-00412 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT AMERICAN INDUSTRIAL INSULATION, LLC**